IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA    )
                            )
                            )
v.                          )        CRIMINAL ACTION NO.
                            )          2:25cr392-MHT-2
                            )              (WO)
DEVIN ZIA ADKINS            )

# **O R D E R**

COUNSEL ARE DIRECTED TO PAY PARTICULAR ATTENTION TO PARAGRAPHS 4 AND 5 IN THIS ORDER.  FAILURE TO COMPLY WITH THESE TWO PARAGRAPHS MAY SUBJECT COUNSEL TO SANCTIONS.

On May 21, 2026, the United States Magistrate Judge entered a report and recommendation concerning the defendant's plea of guilty (Doc. 80), to which the parties have both filed notices of having no objection to the recommendation (Doc. 81 and Doc. 82).

Accordingly, it is ORDERED that the magistrate judge's recommendation (Doc. 80) is adopted, the court accepts the defendant's plea of guilty as to count 1 of the indictment, and the defendant is adjudged guilty of these offenses.

It is further ORDERED as follows:

1.  Sentencing of the defendant is hereby set on **August 20, 2026,** at **10:00 a.m.**, Courtroom 2FMJ, the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

2.  In accordance with Rule 32(f)(1), *Federal Rules of Criminal Procedure*, counsel for the defendant and the government shall communicate in writing to the probation officer, and to each other, any objections they have as to any material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the presentence report. The probation officer will notify parties of the objection deadline and will schedule a conference to discuss and resolve, if possible, any factual and legal issues contained in the presentence report.

3. Any motion for downward departure shall be filed on or before the conference date with the probation officer, unless based on unknown and unforeseen circumstances arising after that date, in which case the motion must be filed promptly upon discovery of such circumstances.

4. At least **five** business days before the sentencing date, the government and the defendant shall each file a memorandum setting forth (a) the sentence the defendant should receive and (b) why that sentence is appropriate based on the facts and the law.

5. The following motions must be filed at least **five** business days before the sentencing date if the bases for the motions are known at that time: A motion for reduction of sentence based on the defendant's cooperation; a motion for reduction of sentence based on defendant's acceptance of responsibility; and a motion for variance (downward or upward) from the guideline sentence.

6. If the disposition contemplated by a plea agreement is pursuant to an early disposition (Fast-Track) program authorized by the Attorney General of the United States and the United States Attorney for the Middle District of Alabama, then the following provisions apply, and shall take precedence over any conflicting provisions of this order:

A. Counsel for defendant should not file a motion for expedited sentencing until the earlier of either (i) 45 days after entry of the guilty plea or (ii) the pre-sentence report is complete. Otherwise, the motion will be denied.

B. On defendant's motion after 45 days has elapsed or the pre-sentence report is complete, sentencing will be rescheduled for the first available date.

C. Government and defense sentencing-related motions shall be filed two business days before sentencing.

D. Sentencing memoranda shall be filed two business days before sentencing.

Nothing contained in this order shall be construed as impairing the rights of any party as established in the Constitution or laws of the United States.

DONE, this 27th day of May, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE